UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOMINION OKLAHOMA TEXAS
EXPLORATION & PRODUCTION, INC.,                CIVIL ACTION
SUCCESSOR BY MERGER TO AMERICAN
EXPLORATION COMPANY                             NO. 10-599-RET-DLD

VERSUS

ACE AMERICAN INSURANCE COMPANY,
ET AL

## O R D E R

The court *sua sponte* notes the potential insufficiency of the removing defendants' allegation of the citizenship of the parties as follows;

1. \_\_\_\_  A party invoking diversity jurisdiction must allege the *citizenship* rather than mere residence of an individual. In addition, see 28 U.S.C. §1332(c)(2) for infants, minors and an incompetent. The *citizenship* of \_\_\_\_ is not provided.

2. \_X\_\_  A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. See, e.g., *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). The principal place of business of plaintiff, Dominion Oklahoma Texas Exploration & Production, Inc., successor by merger to American Exploration Company, is not provided.[1]

3. \_\_\_\_  A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. See, e.g., *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). **Even when a liability insurer takes on its insured's citizenship under 28 U.S.C. § 1332(c)(1), its own citizenship still is considered in determining whether complete diversity exists.** The state of incorporation and principal place of business of \_ is not provided.[2]

---

[1] The phrase "principal place of business" in §1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters. The *Hertz Corporation v. Melinda Friend, et al.*, 559 U. S. \_\_\_\_ (2010)

[2] See footnote 1.

4.  \_\_\_\_  A party invoking diversity jurisdiction must properly allege the citizenship of a limited liability company. The citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members. See *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The citizenship of _____ is not provided.

5.  \_\_\_\_  A party invoking diversity jurisdiction must properly allege the citizenship of a general partnership and a limited liability partnership. For a general partnership, case law suggests that a partnership has the citizenship of each one of its partners. See *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997). A limited liability partnership or L.L.P. also has the citizenship of each one of its partners, both general and limited. See *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1014, 108 L.Ed.2d 157 (1990). The citizenship of _____ is not provided.

6.  \_\_\_\_  A party invoking diversity jurisdiction must properly allege the citizenship of Underwriters at Lloyd's, London. The citizenship of Underwriters at Lloyd's, London has not been provided. See *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853 (5th Cir. 2003), *cert. denied*, 541 U.S. 1073, 124 S.Ct. 2421, 158 L.Ed.2d 983 (2004).

7.  \_\_\_\_  A party invoking diversity jurisdiction must properly allege the citizenship of a sole proprietorship. A business entity cannot be both a corporation and sole proprietorship; therefore the court seeks to clarify the identity of plaintiff/defendant. Case law suggests that the citizenship of a sole proprietorship for diversity purposes is determined by the citizenship of its members and/or owners. See *Linder Enterprises v. Martinringle*, 2007 WL 3095382 (N.D. Tex.). The citizenship of _____ is not provided.

Accordingly,

**IT IS ORDERED**, pursuant to 28 U.S.C. §1653, that, on or before **November 19, 2010**, the removing defendants shall file an amended notice of removal providing the citizenship of plaintiff, Dominion Oklahoma Texas Exploration & Production, Inc., successor by merger to American Exploration Company, by setting forth all citizenship particulars required to sustain federal diversity jurisdiction.

Signed in Baton Rouge, Louisiana, on November \_\_9\_\_, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**